[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: POST JUDGMENT MOTION FOR MODIFICATION (DOCKET ENTRY 118)
This is the defendant's post judgment motion for modification of support. A decree of dissolution of the parties' marriage was entered on August 25, 2000. There are two children issue of the marriage, Brianne born July 8, 1985, now sixteen years of age, and Taryne born September 19, 1989, presently eleven years of age. Orders were entered for joint legal custody, the children to reside principally with the plaintiff. Support orders were entered based upon the two children living with their mother. The oldest child, Brianne, has moved in with the defendant. While the plaintiff mother has argued that Brianne is a typical teenager and is likely to bounce back and forth between mother and father, this has not occurred and Brianne has been living with her father since April 30, 2001.
At the time of the decree of dissolution, the parties entered into an agreement providing for joint legal custody of the minor children and providing for support for the minor children. That agreement provided in CT Page 8620 Article III as follows:
 3.1 Commencing as of the first day of July, 2000, the HUSBAND shall pay, during his lifetime, to the WIFE, as support for the minor children, the sum of $19,600 per year, payable at the rate of $1,633.33 per month so long as both minor children are residing with the wife to continue until the oldest child graduates from high school or attains the age of 19, whichever first occurs, marries, dies or becomes emancipated. In the event there is a change in custody or when the oldest child is no longer a minor, child support shall be paid in accordance with the child support guidelines then in effect. (Emphasis supplied.)
While the language does not provide for change of child support upon either child residing with their father, it is clear from the language that support in the amount of $19,600 per year was going to continue only so long as both minor children are residing with the wife. The parties agreed that if both children were no longer residing with the wife support would be in accordance with the child support guidelines then in effect for the child remaining with the wife.
The court construes the agreement as providing for child support for Brianne, now, to be in accordance with the child support guidelines. The parties have met with the Family Support counselors and the amount of child support has been computed to be $234.42 to be paid by the defendant to the plaintiff and $49.81 to be paid by the plaintiff to the defendant with the net amount to be paid by the defendant to the plaintiff being $184.61 per week. See Preamble to Child Support and Arrearage Guidelines, section (e)(1), page in; § 46b-215a-2a (d) of the Regulation for the Child Support Guidelines. As provided by § 46b-215
(b) of the General Statutes, this amount as calculated is a rebuttable presumption that the amount so determined is the proper amount of support. There has been no evidence before the court to find that it would be inequitable or inappropriate to set a higher or lower amount in accordance with the criteria set forth in § 46b-215a-3 (b) of the Child Support Regulations. The order for support to be paid by the defendant to the plaintiff is ordered at $184.61 per week effective Jun. 7, 2001.
Based on the foregoing, Article III of the Agreement of the parties is therefore modified as follows:
The defendant shall pay the co-payment for doctor's office visits, $5.00 prescription charges and $40.00 per year dental for Brianne. That provision of Article 6.4 providing that the parties equally pay the unreimbursed expenses for the minor children shall continue as so CT Page 8621 provided.
The parties have not agreed on a division of their tangible personal property. Article V of the Agreement provided as follows:
 All personal property in the possession of either party except automobiles is returned to Family Relations for mediation.
The parties have met with Family Relations and it has made its recommendation. However, the parties have been unable to agree on this recommendation and the matter must be scheduled for hearing before the court.
 ____________________ EDGAR W.BASSICK, III JUDGE TRIAL REFEREE